FILED

2007 Sep-06  PM 04:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JOSEPH E. WATSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.:** |
| ) | |
| **ASSET ACCEPTANCE, LLC;** ) | |
| **EXPERIAN INFORMATION** ) | |
| **SOLUTIONS, INC; TRANS UNION,** ) | |
| **LLC; EQUIFAX INFORMATION** ) | |
| **SERVICES, LLC,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendants states as follows:

### Jurisdiction & Venue

1.  This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"] and the Fair Debt Practices Act[1]  (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]).  Therefore, subject matter jurisdiction exists under 28 U.S.C. Section 1331.

2.  This action is also brought under Alabama state law.  These claims are brought under 28 U.S.C. Section 1332 as there exists complete diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests.

---

[1] Any reference the FDCPA or FCRA or any part thereof encompasses all relevant parts and subparts thereto.

3.      The state law claims are also properly before this court based upon supplemental jurisdiction under 28 U.S.C. Section 1367 as the state law claims form part of the same case or controversy as the federal claims as they are based upon substantially similar and overlapping facts.

4.      Venue is proper in this Court under 28 U.S.C. Section 1391(b) as the events took place in this Judicial District and the Defendants reside in this Judicial District as all Defendants are subject to personal jurisdiction in this Judicial District.

**<u>Parties</u>**

5.      The Plaintiff, Joseph E. Watson ("Plaintiff"), is a natural person who resides within this Judicial District.

6.      Defendant Asset Acceptance, LLC   ("Defendant" or "Asset") is a foreign company that engages in the business of debt collection and reporting consumer credit information to credit reporting agencies.   It conducts business in this Judicial District.  Its principle place of business is outside the State of Alabama.

7.      Defendant Experian Information Solutions, Inc. ("Defendant" or "Experian") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.

8.      Defendant Trans Union, LLC ("Defendant" or "Trans Union") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.

9.      Defendant Equifax Information Services, LLC ("Defendant" or "Equifax") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.

## Factual Allegations

10.   In December 2006, Defendant Asset sued Plaintiff in the District Court of Blount County, Alabama, with a case number of DV-2006-224.

11.   In this suit, Defendant Asset asserted it was the owner of a certain debt allegedly owed by Plaintiff and asserted it was owed  $6,249.00.

12.   Plaintiff filed an Answer denying the allegations of Defendant Asset.

13.   The state court set the case for trial on April 17, 2007.  Notice was sent to Defendant Asset and Plaintiff.

14.   At all times Plaintiff was prepared for trial.

15.   The case resulted in a bench verdict in favor of Plaintiff Watson.

16.   Defendant Asset is not the owner of this alleged debt.

17.   Defendant Asset reported and has continued to report to the credit reporting agencies that Plaintiff owed this money and was in default.

18.   Plaintiff did not and does not owe this money to Defendant Asset.

19.   The debt being collected is a consumer debt as defined by the FDCPA.

20.   Plaintiff is a "consumer" as defined by the FDCPA and FCRA.

21.   Defendant Asset is a "debt collector" as defined by the FDCPA.

22.   After the victory at trial, Plaintiff sent a letter to each national credit-reporting agency, Defendants Experian, Trans Union and Equifax, requesting an investigation of the Defendant Asset account that still appeared on Plaintiff's credit reports.

23.   Plaintiff requested that the Defendant Asset account be deleted, as Plaintiff did not owe it.

24.     No Defendant was concerned or cared about what the state court did in the case as no Defendant intended to perform a reasonable investigation.

25.     No Defendant did perform any type of reasonable investigation.

26.     Defendants Experian, Trans Union, and Equifax notified Defendant Asset in accordance with the FCRA of the dispute by the Plaintiff and sent a copy of the dispute letter as requested by Plaintiff.

27.     Alternatively, Defendants Experian, Trans Union, and Equifax did not properly notify Defendant Asset and, as a part of this failure, did not include all relevant information provided by Plaintiff in their notification of Defendant Asset.  This includes notification that the state court entered a verdict in favor of Plaintiff Watson.

28.     All Defendants failed to properly investigate these disputes as if Defendants had properly investigated, the Asset account would have been deleted.

29.     On August 1, 2007, Defendant Equifax issued its results of investigation, which shows the Defendant Asset account as "verified" with a balance of $6,491.00 and that it is a collection account.

30.     On August 3, 2007, Defendant Trans Union issued its results of investigation, which shows the Defendant Asset account remaining on the report with a balance of $6,491.00 and that it is a collection account.

31.     On August 17, 2007, Defendant Experian issued its results of investigation, which shows the Defendant Asset account as updated with a balance of $6,491.00 and that it is a collection account.

32.     All Defendants were provided with more than sufficient information in the disputes and in their own internal sources of information (which includes the knowledge of Defendant Asset through its state court trial counsel that the case was a defeat for Defendant Asset) to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

33.     The Defendants Equifax, Experian, and Trans Union have previously proclaimed that they were obligated to rely upon whatever the public records state about a consumer.

34.     For example, had Plaintiff Watson lost the suit and a judgment was entered in favor of Defendant Asset, and Plaintiff Watson disputed with the CRAs,  Plaintiff would have been told by Equifax, Experian, and Trans Union that they were bound by the state court judgment which says Plaintiff Watson owes the money.

35.     These same Defendants, however, <u>refused</u> to rely upon what the state court judge actually said – verdict for Plaintiff Watson.

36.     The verdict in favor of Plaintiff Watson means he does not owe the money claimed by Defendant Asset.

37.     The state court ruling was a final judgment.

38.     This final judgment was not appealed.

39.     There is no avenue for appeal for Defendant Asset of this judgment as the time to appeal has long since passed.

40.     Despite this knowledge, Defendants Equifax, Experian, and Trans Union have completely abdicated their obligations under federal and state law and have

instead chosen to merely "parrot" whatever their customer, Defendant Asset, has told them to say.

41.     Defendants Equifax, Experian, and Trans Union have a policy to favor the paying customer, in this situation Defendant Asset, rather than what the consumer or the state court says about a debt.

42.     The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to these Defendants.

43.     The importance of keeping balances on credit reports is that all the Defendants understand that one of the most powerful methods furnishers (and debt collectors) have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

44.     Defendant Asset has a policy and procedure to refuse to update credit reports of consumers, like Plaintiff, who do not owe the alleged debt.  The reason is to keep false information on the credit report.  The false information consists of a balance shown as owed when Defendant Asset knows no balance is owed.

45.     Defendant Asset has promised through its subscriber agreements or contracts to accurately update accounts but Defendant Asset has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

46.     Defendant Asset assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

47.     Defendant Asset has a policy to "park" its accounts on at least one of the consumer's credit report.  This is a term in the industry for keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

48.     In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and the balance.

49.     All Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff to pay on an account he does not owe.

50.     All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation on Plaintiff's disputes, which led as a direct result and consequence to all of the Defendants either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA.

51.    At all relevant times that the Defendants Equifax, Trans Union and Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the accounts in question, violating 15 U.S.C. § 1681e(b) and state law.

52.    Defendant Asset failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint.  These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

53.    Defendant Asset has taken aggressive actions in a continued effort to collect the alleged debt against Plaintiff.  These actions include the continued reporting of the debt to third parties (even after losing the state court trial), including consumer-reporting agencies such as Equifax, Trans Union, and Experian, that Plaintiff owed the debt, that Plaintiff defaulted, and that the account was in collections with a balance owed.

54.    The Defendants Experian, Equifax, and Trans Union have failed to maintain Plaintiff's accounts with maximum accuracy and all Defendants have failed to properly investigate the accounts in response to the disputes made by Plaintiff.

55.    The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

56.     It is a practice of all of the Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA (Defendant Asset), FCRA (all Defendants) and state law (all Defendants).

57.     All actions taken by employees, agents, servants, or representatives of any type for the Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

58.     All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or FDCPA and/or state law.

59.     All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

**FIRST CLAIM FOR RELIEF**
**Violations of the Fair Debt Collection Practices Act**

60.     All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

61.     Defendant Asset violated the FDCPA in numerous ways, including, but not limited to the following:

a.    Falsely reporting the debt on Plaintiff's credit reports with at least Experian, Equifax, and Trans Union when Plaintiff does not owe the money;

b.    Suing the Plaintiff when there was no basis to do so;

c.    Continuing to assert the suit in state court when Defendant Asset knew, or should have known, there was no basis for doing so; and

d.    Engaging in collection activities on a debt that Plaintiff does not owe and that Defendant Asset is not entitled to collect upon.

62.    Because of the violations of the FDCPA, the Defendant Asset is liable to the Plaintiff for declaratory judgment that its conduct violated the FDCPA, and a judgment for Plaintiff's actual damages, statutory damages, costs, expenses, and attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**Violating the Fair Credit Reporting Act**

63.    All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

64.    Defendants Experian, Equifax and TransUnion are each a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

65.    Defendant Asset is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

66.   Plaintiff notified Defendants Experian, Equifax and TransUnion directly of a dispute on the Defendant Asset account's completeness and/or accuracy, as reported.

67.   The credit reporting agencies failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

68.   Plaintiff alleges that at all relevant times Defendants Experian, Equifax and Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of his credit report, concerning the accounts in question, violating 15 U.S.C. § 1681e(b).

69.   Plaintiff alleges that all Defendants failed to conduct a proper and lawful reinvestigation.  For example, Defendants were given notice that the suit was tried with the Plaintiff Watson winning the case, but Defendants apparently failed to review the court file or contact the court or contact counsel for Defendant Asset. Other examples will become apparent once discovery is commenced.

70.   All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law.

71.   All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

## THIRD CLAIM FOR RELIEF
### State Law Claims

72.    All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

73.    All Defendants intentionally published false and defamatory information related to the Defendant Asset account.

74.    Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.  This includes the initial reporting of Defendant Asset's account; the handling of any investigations on the accounts; and all other aspects as set forth in this Complaint.

75.    Defendants assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and account.

76.    Defendants violated all of the duties the Defendants had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

77.    It was foreseeable, and Defendants did in fact foresee it, that refusing to properly update and investigate would cause the exact type of harm suffered by the Plaintiff.

78.    Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.  This includes the initial reporting of Defendants' accounts; the intentional refusal to properly update the accounts; and all other aspects as set forth in this Complaint.

79.  Defendants invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations.

80.  The Defendants acted with intentional, reckless, or wanton conduct in attempting to collect this debt (Defendant Asset) and reporting this false information (all Defendants).

81.  Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint and such conduct occurred before, during and after the disputes to the CRAs.

82.  As a result of this conduct, action, and inaction of all Defendants, Plaintiff has suffered damage as set forth in this Complaint.

## RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A.  An award of statutory, actual, compensatory and punitive damages, and costs of the action including expenses, together with reasonable attorney's fees.

B.  Plaintiff also requests all further relief to which Plaintiff is entitled under Federal or State law, whether of a legal or equitable nature.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts ASB-5819-T82J**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, P.C.
15 Office Park Circle, Suite 206
P.O. Box 531168
Birmingham, AL  35253
(205) 879-2447
(205) 879-2882 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
201 Avon Place
700 29th Street South
Birmingham, AL  35233
(205) 714-4443
(205) 714-7177  *facsimile*
msh@mstanherringlaw.com


**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**


/s/ John G. Watts
**Attorney for Plaintiff**

**<u>Serve defendants via certified mail at the following addresses:</u>**

Asset Acceptance, LLC
c/o The Corporation Company
30600 Telegraph Road
Bingham Farms, MI 48025

Trans Union, LLC
c/o Prentice-Hall Corporation System, Inc.
150 South Perry Street
Montgomery, AL  36104

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Services, Inc.
150 South Perry Street
Montgomery, Alabama 36104

Experian Information Solutions, Inc.
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109